# H. C. BUTTS, Appellant, v. GEORGE FOX, Respondent.

### Kansas City Court of Appeals, May 16, 1904.

**WASTE: Injunction: Evidence: Contract.** Evidence is held indefinite as to the nature of a contract and its applcation to the land in controversy, as also insufficient on the merits to warrant an injunction against the tenant to stay waste.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Joseph Barton* and *Sheetz & Sons* for appellant.

(1) Injunction was the proper remedy. R. S. 1899, sec. 3649, p. 899. (2) The court erred in excluding the evidence of defendant of the amount of timber he cut off the premises and sold. (3) The tenant was entitled to dead and down wood only, under the common law. Williams on Real Property (17 In. Ed.), p. 149. (4) The tenant had no right to cut timber for sale, except by agreement with his landlord, and the burden of proof is on the tenant to show the extent of his right. He was guilty of committing waste when he cut timber and sold it. Davis v. Clark, 40 Mo. App. 515; Proffitt v. Henderson, 29 Mo. 325; Kerr on Injunction (2 Ed.), p. 64.

*Commodore Smith* and *Scott J. Miller* for respondent.

(1) The evidence fails to sustain the petition, in fact or the law. (2) The tenant was entitled to dead

and down wood under the common law. That is all true but in our case he had a contract to have a little green wood, too. (3) The appellant's counsel failed to appreciate the fact that their own witness, Mr. Wilson, testified that he gave the respondent in this case the right to cut the timber and do as he pleased with it.

ELLISON, J.—The plaintiff seeks to enjoin defendant from committing waste on a certain tract (perhaps one hundred acres) of farm land. The trial court dismissed the bill.

It appears that the defendant rented the land by the year of Messrs. Hale and Wilson, and that during his tenancy they sold to this plaintiff. The land was not all in cultivation; on some of it there was timber. Wilson authorized defendant to cut and do as he pleased with the timber, but he was to take it clean and pile the brush. Plaintiff seems to have accepted defendant as his tenant along with the contract as to timber, save (as he contends) defendant was to let him have what timber he should want. The position taken by plaintiff is that defendant was cutting the timber off in places, wherever he could find what would be suitable for sale and was hauling it off the premises, and that he thereby was guilty of committing waste within the case of Davis v. Clark, 40 Mo. App. 516. Defendant makes no question on the law and justifies the judgment rendered on the ground that no case was made calling for the extraordinary remedy sought. In that position we agree. In our opinion the court was justified in refusing an injunction for several reasons. There was timber at different parts of the land, and the evidence in plaintiff's behalf was so indefinite as to the contract and as to what part of the tract it applied, as to leave one uncertain as to what it really was, or what it embraced. Wilson appeared altogether indifferent about the timber, evidently regarding it as having been culled

out until it was of no further consequence than to cumber the ground.

Furthermore, as it turned out in evidence, the matter complained of was of too trifling a nature to make it imperative to grant plaintiff the remedy he sought.

Again, we regard the evidence on what may be termed the merits of the controversy, as not sustaining the plaintiff, and hence quite willingly defer to the finding made by the circuit court.

The objections as to evidence claimed to have been admitted as to the quantity of wood defendant took off of a certain part of the land are not substantial. The witness answered that he did not know and therefore the question was harmless.

The judgment is affirmed.   All concur.